Dear Ms. Epling:
This is to acknowledge your letter of March 8, 1983 requesting an opinion from the Attorney General's office concerning R.S. 17:637 relating to disability retirement. You ask the following questions:
"1. Who is the `employer' as stated in the statute?
 2. May the `employer' make or submit an application for disability retirement if the employee objects?
 3. Who must sign the application if the employee does not sign it?
 4. Who makes the decision of whether an employee is totally and permanently disabled from the performance of his duties?"
R.S. 17:637B and C provide:
 "B. The board of trustees shall award disability benefits to eligible members who have been officially certified as disabled by the State Medical Disability Board.
 C. Upon the application of a member in service or of his employer, any member who has five or more years of creditable service may be retired by the board of trustees, not less than thirty nor more than ninety days following the date of filing such application, on a disability retirement allowance, provided that the medical board, after a medical examination of the member, certifies that the member is mentally or physically incapacitated for the further performance of the duties currently being performed, that the incapacity is likely to be total and permanent, and that the member should be retired."
Paragraph C of Section 637 authorizes a member of the Teachers' Retirement System or the member's employer to submit an application for a disability retirement to the retirement system on behalf of the member. The "employer" as stated in paragraph C is the school board as a body and not any one individual. The authority to hire employees or terminate employees rests exclusively with the school board. (See R.S. 17:81 et seq.).
Paragraph C limits the application for disability retirement to a member who is in service at the time of the application. A person who has terminated his employment with the school board cannot, even through his employer, make an application for disability retirement.
It is the opinion of this office that the employer is authorized to submit an application for disability retirement to the retirement system even if the employee objects. In cases where the school board finds that a teacher or employee can no longer competently carry out their duties the only other action is for the school board to dismiss the employee. Once the person is no longer an employee of the school board he could not then apply for a disability retirement. This statute allows the school board to make the application for a disability retirement in the appropriate cases rather than dismissing the employee and thereby terminating his right to apply for a disability retirement.
In any case where the school board decides that the employer should submit an application for a disability retirement on behalf of an employee it should authorize either the president of the school board or the superintendent to sign the application.
In answer to your last question it is our opinion that only the State Medical Disability Board can determine that an employee is totally and permanently disabled or incapacitated for the further performance of his duties. This board makes its decision only after a medical examination of the member. The school board cannot make this decision. The school board can only decide or determine that an application for a disability retirement should be submitted on behalf of the employee because of the evidence before it.
If we may be of further help on this matter, please call on us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By WILLIAM T. REEVES, JR. Assistant Attorney General
WTRJr:eb